CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 10 2018

JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CAROLYN F. WASHINGTON, | ) |
| Plaintiff, | ) Civil Action No. 7:18CV00193 |
| v. | ) **MEMORANDUM OPINION** |
| YOGI PATEL and | ) By: Hon. Glen E. Conrad |
| UMIYA INC. d/b/a MOTEL 6, | ) Senior United States District Judge |
| Defendants. | ) |

Carolyn F. Washington, proceeding pro se and in forma pauperis, filed this action against Umiya Inc. ("Umiya") and Yogi Patel. The case is presently before the court on the defendants' motion to dismiss. For the reasons set forth below, the court will grant the defendants' motion.

## Background

The following factual allegations, taken from the plaintiff's complaint, are accepted as true for purposes of the pending motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

Washington previously worked for Umiya, which does business as Motel 6 in Roanoke, Virginia. At some point during her employment, Patel asked her to train a new, younger employee. Upon completion of the training, Washington began receiving fewer hours than the new employee. Washington states that she believes her hours were cut because the defendants wanted a "cheaper worker." Compl. 4, Docket No. 2. Washington alleges that she "made more money [since she had] been there longer," and that the new, younger employee received "less pay"

and "no benefits." Id. As a result of the reduction in hours, Washington had to find a different job.

## Procedural History

Washington filed the instant action against Umiya and Patel on April 30, 2018. Liberally construed, her complaint appears to assert a claim under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634.

The defendants have moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The defendants' motion has been fully briefed and is ripe for review.

## Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). When deciding a motion to dismiss under this rule, the court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in the plaintiffs' favor. Erickson, 551 U.S. at 94. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation and quotation marks omitted). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

## Discussion

The defendants have moved to dismiss Washington's claim of discrimination under the ADEA on three grounds. First, the defendants argue that Patel is not a proper defendant to an

2

action under the ADEA. Second, the defendants contend that Washington fails to allege facts indicating that Umiya qualifies as an "employer" for purposes of the ADEA. Third, the defendants argue that Washington fails to state a plausible claim of age discrimination. For the following reasons, the court concludes that all three arguments have merit.

The defendants first argue that Patel cannot be held individually liable for discrimination under the ADEA. In Birkbeck v. Marvel Lighting Corp., 30 F.3d 507 (4th Cir. 1994), the United States Court of Appeals for the Fourth Circuit held that "the ADEA limits civil liability to the employer," and that Congress did not intend to impose individual liability on an employer's agents. Birkbeck, 30 F.3d at 510-511. Accordingly, the court concludes that Patel is "not a proper defendant in this case." Id. at 511; see also Scott v. Md. State Dep't of Labor, 673 F. App'x 299, 397 (4th Cir. 2016) (affirming the district court's decision that individual defendants were not appropriate parties to a lawsuit under the ADEA).

The defendants next argue that Washington fails to allege sufficient facts to establish that Umiya is subject to the ADEA's prohibitions on age discrimination in employment. The ADEA makes it "unlawful for an employer . . . to . . . discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). An "employer" is defined as a person who employs "twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b). This threshold number of employees is an element of the plaintiff's claim under the ADEA. Cf. Arbaugh v. Y&H Corp., 546 U.S. 500, 503 (2006) (holding that "the threshold number of employees for application of Title VII [of the Civil Rights Act of 1964] is an element of a plaintiff's claim for relief"); see also Jones v. Karnick, Inc., 8:11-cv-01554, 2012 U.S. Dist. LEXIS 972, at *12 (D.S.C. Jan. 3, 2012) (observing that the

3

employee numerosity requirement is "essential to every ADEA case as it is in every Title VII case"). In this case, the complaint contains no information regarding the number of individuals employed by Umiya. Consequently, the court is unable to reasonably infer that Umiya is subject to the ADEA's anti-discrimination provision.

Finally, even if Washington had pled sufficient facts to satisfy the numerosity requirement, her complaint fails to state a plausible claim of age discrimination. More specifically, Washington does not allege facts sufficient to indicate that the reason she received fewer hours was "because of [her] age." 29 U.S.C. § 623(a). Instead, Washington expresses the belief that her hours were cut because she "made more money" than the new employee. Compl. 4. Even if that proved to be true, however, it "would not be sufficient alone to support a finding of age discrimination because the ADEA prohibits discrimination on the basis of age, not salary or seniority." Armendariz v. Pinkerton Tobacco Co., 58 F.3d 144, 152 (5th Cir. 1995) (citing Hazen Paper Co. v. Biggins, 507 U.S. 604, 610-12 (1993)). Consequently, courts have held that similar allegations fail to state a claim under the ADEA. See, e.g., Allen v. Diebold, Inc., 33 F.3d 674, 677 (6th Cir. 1994) (explaining that in order to state a claim under the ADEA, "plaintiffs must allege that [their employer] discriminated against them because they were old, not because they were expensive"); Williams v. City of New York, No. 1:12-cv-08518, 2014 U.S. Dist. LEXIS 49837, at *33-34 (S.D.N.Y. Mar. 26, 2014) (concluding that the plaintiff's allegations that her employer "fired her for financial reasons related to her seniority" did not state a claim for discrimination under the ADEA), aff'd, 602 F. App'x 28 (2d Cir. 2015); Smith v. Verizon Wash., D.C., Inc., No. 8:11-cv-01301, 2013 U.S. Dist. LEXIS 47209, at *21 (D. Md. Mar. 27, 2013) (emphasizing that actions undertaken to reduce salary expenses "cannot be the basis for an ADEA suit"); Schroeder v. Shawano Cty., 870 F. Supp. 2d 622, 630 (E.D. Wis. 2012) (explaining that

4

employment actions taken "in an effort to save money" are "not actionable under the ADEA"). Consistent with the foregoing decisions, the court concludes that Washington's complaint fails to state a claim upon which relief can be granted.

## **Conclusion**

For the reasons stated, the court will grant the defendants' motion to dismiss. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

DATED: This 10th day of August, 2018.

_____
Senior United States District Judge